## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Donald Herrington,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:16cv412 (AJT/MSN)** |
| | ) | |
| **Harold Clarke,** | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION

Donald Herrington, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions entered in the Circuit Court of Stafford County.[1] Before this Court is the respondent's Motion to Dismiss the petition.

### I. Background

On August 1, 2012, a jury found petitioner guilty of three counts of attempting to obtain money by false pretense, four counts of perjury, two counts of failing to file a tax return, and three counts of filing a false income tax return. After reviewing a presentence report and hearing evidence, the trial court imposed an active sentence of six years and 24 months incarceration. The court subsequently suspended imposition of the sentence and appointed counsel to aid petitioner with post-trial proceedings and direct appeal. On December 17, 2012, after hearing motions, the court executed imposition of the sentence.

On direct appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. The sole arguable error cited was that the trial court

---

[1] Case Numbers CR11001320-00 through -02, CR11001320-04 though -07, and CR11001320-10 through -14.

abused its discretion by sentencing petitioner to six years and 24 months incarceration given the nature of his crimes.  When petitioner was provided with the opportunity to raise any claims he might choose, he filed a "list of errors" setting out 134 instances of alleged irregularities.  The appellate court rejected the contention that the sentence constituted an abuse of discretion, noting that the sentences imposed were within the ranges set by the legislature and that no evidence had been presented to indicate that they were "so grossly disproportionate as to shock the conscience." Herrington v. Commonwealth, R. No. 1945-12-4 (Va. Ct. App. Nov. 5, 2013), slip op. at 2, quoting Wolkind v. Selph, 473 F. Supp. 675, 679 (E.D. Va. 1979), aff'd, 649 F.2d 865 (4th Cir. 1981).  As to petitioner's "list of errors," the court determined:

> In his supplemental petition for appeal, appellant alleges 134 instances of error committed by the trial court.  Deciphering appellant's 'list of errors' requires reference to a system of abbreviations of appellant's own creation.  The allegations of error are unsupported by legal argument or citation to authority except by cross-reference to appellant's compilation, in a separate section of the petition, of various statements of law. [FN 1]
>
>> [1] Many of appellant's allegations do not contain an exact citation to the record or particular transcript where appellant preserved his objection in the trial court.  Examination of the citations to the record that appellant has provided reveals that in many instances appellant raised no objection to the action of the trial court about which he complains on appeal.  Consideration of these issues is thus barred by Rule 5A:18, which provides that '[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling....'
>
> Rule 5A:12(c)(5) mandates that the petition for appeal include 'principles of law and the authorities' with respect to each assignment of error.  The principles of law and the authorities may not be 'scattered through the petition.' Rule 5A:12(c)(5).

2

The petition for appeal does not contain argument that sufficiently complies with Rule 5A:12(c)(5). This Court "'may ... treat a question presented as waived'" when we determine that "a party's 'failure to strictly adhere to the requirements' of the rule regarding legal argument is "significant." Parks v. Parks, 52 Va.App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 331, 317 (2008)). In this case, we find appellant's failure to comply with Rule 5A:12(c)(5) is significant. As we stated in Fadness v. Fadness, 52 Va.App. 833, 851, 667 S.E.2d 857, 866 (2008), "[a]ppellate courts are not unlit rooms where [litigants] may wander blindly about, hoping to stumble upon a reversible error. If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention." "We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E. 2d 237, 239 (1992). Thus, we consider waived the issues raised in the supplemental petition for appeal, and we do not consider them.

Herrington v. Commonwealth, R. No. 1945-12-4, slip op. at 2-3. On January 16, 2014, the Court

of Appeals denied a motion by petitioner to set aside the judgment and grant rehearing. The

Supreme Court of Virginia refused his petition for a second-tier appeal on September 2, 2014,

Herrington v. Commonwealth, R. No. 140286 (Va. Sept. 2, 2014), and denied rehearing of that

determination on November 6, 2014.

On July 13, 2015, Herrington filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, raising the same claims he makes in this federal proceeding. The

petition was dismissed in a written order which will be discussed in greater detail infra.

Herrington v. Clarke, R. No. 150943 (Va. Mar. 2, 2016).

Petitioner then turned to the federal forum and timely filed the instant application for

relief pursuant to §2254 on March 30, 2016,[2] raising the following claims:

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of

1. Jury instructions were erroneous because they omitted elements of the offenses.

2. He is actually innocent of failing to file a tax return in 2009.

3. The evidence was insufficient to find that he failed to file a tax return in 2006, and the jury instructions improperly shifted the burden of proof to require him to prove his innocence.

4. He is actually innocent of perjury.

5. His waiver of the right to counsel was not valid.

6. He was the victim of prosecutorial vindictiveness in several respects when the Commonwealth withheld exculpatory evidence.

7. His rights to an impartial jury and a fair trial were violated in several respects.

8. The oral pronouncement of sentence differed from the sentencing order and was changed after he had exited the courtroom.

9. The trial court erred in refusing to consider his pro se post-trial motions and in refusing to give counsel sufficient time to prepare and be heard on post-trial motions.

10. The trial court erred by refusing to allow him to speak before sentence was imposed.

11. He was denied his rights to present a full and fair defense, to present evidence, and to have compulsory process for obtaining witnesses.

12. He was denied access to the courts because he

Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991) Here, petitioner certified that he placed his petition in the prison mailing system on March 30, 2016, Pet. at 35, and it was date-stamped as received by the Clerk on April 12, 2016. Pet. at 1.

represented himself and was not afforded adequate access to a law library and legal materials.

13. His convictions are the result of prosecutorial vindictiveness and misconduct.

14. His convictions were obtained through fraud upon the court.

15. He received ineffective assistance during post-trial proceedings and on direct appeal.

On May 9, 2016, respondent filed a Motion to Dismiss with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. (Dkt. No. 8 - 11) Petitioner filed a reply captioned as a Traverse Response on May 23, 2016. (Dkt. No. 14) On June 10, 2016, he submitted a Motion to Amend/Correct Response, and the motion was granted to the extent that the arguments put forth there are deemed a supplement to the Traverse Response. (Dkt. No. 18) Accordingly, this matter is now ripe for disposition.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of

5

Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). In this case, as respondent acknowledges, petitioner's claims have been exhausted.

### III. Procedural Default

The majority of the claims petitioner makes in this proceeding are procedurally defaulted from federal review. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

A. Claims 1, 3, 5, 6(A), 7, 9, 10, 12, and 13

In its order denying Herrington's state habeas corpus application, the Supreme Court of Virginia found as follows:

> In claim (1), petitioner contends his convictions resulted from jury instructions that omitted elements of the offenses. In claim (3), petitioner contends the evidence was insufficient for a properly instructed jury to find he failed to file an income tax return in 2006 and that the Commonwealth improperly shifted the burden to petitioner to show he was innocent of the crime. In claim (5), petitioner contends his waiver of the right to counsel was not valid. In a portion of claim 6(A), petitioner contends he was the victim of prosecutorial vindictiveness. In a portion of claim (7), petitioner

contends the trial court erred in failing to question a juror after a witness indicated she knew the juror. In another portion of claim (7), petitioner contends the trial court erred in denying his motion to set aside the verdict based on the trial court's failure to investigate the juror's relationship with the witness. In another portion of claim (7), petitioner contends the trial court erred in informing the jury, during the guilt phase of his trial, of the applicable sentencing range for five perjury convictions. In claim (9), petitioner contends the trial court erred in refusing to consider petitioner's *pro se* post-trial motions and refusing to provide counsel with sufficient time to investigate, file, or be heard on post-trial motions. In claim (10), petitioner contends the trial court erred by refusing to allow petitioner to speak prior to the imposition of petitioner's sentence. In claim (12), petitioner, who represented himself at trial, contends the trial court erred in failing to ensure petitioner had adequate access to a law library and legal materials. In a portion of claim (13), petitioner contends he was the victim of prosecutorial vindictiveness in that the prosecutor sought additional charges against petitioner to obtain a search warrant due to personal animus against petitioner.

The Court holds that claims (1), (3), (5), (9), (10), (12), and these portions of claim 6(A), (7), and (13) are barred because they could have been raised on direct appeal to this Court but were not. Thus, these non-jurisdictional issues are not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975).

Herrington v. Clarke, R. No. 150943, slip op. at 1-2.

The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Petitioner argues in his Traverse Response that the foregoing holding was erroneous, because he did bring up all of the grounds discussed by the Supreme Court of Virginia in the pro se supplement he filed on direct appeal. However, petitioner's position is without merit, because the Court of Appeals found that the issues petitioner raised in the supplemental petition for appeal had been waived, and it expressly declined to consider them. Herrington v. Commonwealth, R. No. 1945-12-4, slip op. at 3. The

7

Supreme Court of Virginia subsequently declined to review that result.[3] Thus, the arguments raised in petitioner's "list of errors" received no scrutiny by the Virginia courts, and as he has made no showing of cause and prejudice or a fundamental miscarriage of justice, claims (1), (3), (5), (9), (10), (12), and the portions of claim 6(A), (7), and (13) discussed above by the Supreme Court of Virginia are procedurally barred from federal consideration.

B. Claims 6(A) - (H) and 13

In its order denying Herrington's state habeas corpus application, the Supreme Court of Virginia also found as follows:

> In another portion of claim (6)(A), petitioner contends the Commonwealth withheld exculpatory evidence of handwritten letters from petitioner's former tenants complaining about Matthew Goldberg, one of the Commonwealth's witnesses. Petitioner further contends the trial court erred in denying his motion to compel the Commonwealth to produce these letters. In another portion of claim (6)(A), petitioner contends the Commonwealth dismissed 'valid charges' against Goldberg in exchange for his testimony against petitioner, in violation of petitioner's right to equal protection. Petitioner contends he was one of several people who swore out complaints against Goldberg and that he was present in court when the charges were dismissed. In claim (6)(B) and a portion of claim (6)(C), petitioner contends that at trial he asked the Commonwealth for 'the recordings of Mr. Goldberg 's trying to set up' petitioner, but the Commonwealth never produced the recordings. In another portion of claim (6)(C), petitioner contends the Commonwealth failed to provide him with the grand jury testimony of its witnesses. In claim (6)(E), petitioner contends the Commonwealth improperly withheld from him the instructions for filing his taxes. in claim (6)(F), petitioner contends the Commonwealth provided him with a recording of petitioner's conversations with unnamed witnesses, knowing petitioner did not have the means to listen to the recording,

---

[3]Because the opinion of the Court of Appeals was the last reasoned state court decision on this point, its reasoning is imputed to the Supreme Court of Virginia, which refused further review without opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

and refused to transcribe the recoding for petitioner. Petitioner further contends the trial court erred in denying his motion to have the recording transcribed.

The Court holds that claims (6)(B), (6)(E), (6)(F), and these portions of claims (6)(A) and (6)(C) are barred because they could have been raised on direct appeal to this Court but were not. Thus, these non-jurisdictional issues are not cognizable in a petition for a writ of habeas corpus. Slayton, 215 Va. at 29, 205 S.E. 2d at 682.

In claim 6(G), petitioner contends the prosecutor withheld from petitioner that she had exchanged emails with Julie Tremblay, a witness. Petitioner concedes he became aware of the emails during his trial. In a portion of claim (6)(H), petitioner contends the prosecutor failed to disclose that one of petitioner's witnesses had been charged with a crime. Petitioner concedes he became aware of the charge during his trial. In another portion of claim (6)(H), petitioner contends the prosecutor failed to disclose unspecified statements made by Andrea Flood, who subsequently refused to testify at petitioner's trial, invoking her right not to incriminate herself. Petitioner concedes he became aware of the statements during his trial. In a portion of claim (13), petitioner contends the prosecutor withheld from petitioner written complaints against petitioner from petitioner's tenants. Petitioner's exhibits show he was aware of the letters prior to trial.

The Court holds that claim (6)(G) and these portions of claims (6)(H) and (13) are barred because they could have been raised on direct appeal to this Court but were not. Thus, these non-jurisdictional issues are not cognizable in a petition for a writ of habeas corpus. Id.

Herrington v. Clarke, R. No. 150943, slip op. at 2-3.

As with petitioner's earlier claims, the Supreme Court of Virginia determined based on the adequate and independent state-law ground of the Slayton rule that claims 6(A) through (H) and 13 were procedurally defaulted in the state habeas proceeding. Coleman, 501 U.S. at 729-30. As petitioner makes no viable showing of cause and prejudice for the default or the existence of a fundamental miscarriage of justice in his Traverse Response, those claims likewise are procedurally barred from federal review. Harris, 489 U.S. at 262.

9

C. Claims 8, 11(A) - (D)

As to claims 8 and 11 of this petition, the Supreme Court of Virginia determined:

> In claim (8), petitioner contends the trial court erred in stating that eight of his twelve one-year sentences were to run concurrently but then stating, after he prosecutor sought clarification, that only four of his one-year sentences were to run concurrently. Petitioner contends the court did not clarify that only four of petitioner's active sentences were to be run concurrently after petitioner had exited the courtroom. Petitioner further contends the trial court erred in refusing to consider petitioner's motion to correct the sentencing order to reflect that eight of his active sentences were to be run concurrently.

> The Court holds that claim (8) is barred because it could have been raised on direct appeal to this Court but was not. Thus, this non-jurisdictional issue is not cognizable in a petition for a writ of habeas corpus. Slayton, 215 Va. at 29, 205 S.E. 2d at 682.

> In a portion of claim (11)(A), petitioner contends the trial court erred in refusing to permit him to present evidence during cross-examination of a witness. In another portion of claim (11)(A), petitioner contends the trial court erred in failing to recall a witness after petitioner asked that she be recalled. In another portion of claim (11)(A), petitioner appears to argue that the trial court erred in excusing a witness after she expressed fear of petitioner. In a portion of claim (11)(B), petitioner contends the trial court erred in refusing to permit petitioner to present evidence of a mental health defect and failing to order that petitioner be evaluated for competence. In claim (11)(C), petitioner contends the trial court erred in denying his motion for a subpoena duces tecum. In another portion of claim (11)(B) and in a portion of claim (11)(D), petitioner contends the trial court erred in refusing to permit petitioner to enter into evidence an audio recording and documents that showed petitioner's home was subject to foreclosure, and for refusing to allow petitioner to cross-examine a witness regarding her mental state. In another portion of claim (11)(D), petitioner contends the trial court and the prosecutor prevented petitioner from presenting a 'full and fair defense.'

> The Court holds that claim (11)(C) and these portions of claims 11(A), (11)(B), and (11)(D) are barred because they could have been raised on direct appeal to this Court but were not. Thus, these non-jurisdictional issues are not cognizable in a petition for a writ of

habeas corpus. Id.

Herrington v. Clarke, R. No. 150943, slip op. at 4-5.

Here again, the Supreme Court of Virginia determined based on the Slayton rule that claims 6(A) through (H) and 13 were procedurally defaulted in the state habeas proceeding. Coleman, 501 U.S. at 729-30. As petitioner makes no viable showing of cause and prejudice for the default or the existence of a fundamental miscarriage of justice in his Traverse Response, those claims likewise are procedurally barred from federal review. See, e.g., Harris, 489 U.S. at 262.

D. Claims 13 - 14

As to a portion of Claim 13 as well as Claim 14, the Supreme Court of Virginia held as follows:

> In another portion of claim (13) and in a portion of claim (14)(D), petitioner contends the prosecutor committed fraud upon the court by having one of petitioner's tenants, Ben Harden, prepare a spreadsheet showing the rent paid to petitioner and by admitting the spreadsheet as an exhibit at trial. In another portion of claim (13), petitioner contends the trial court erred in restricting his cross-examination of Harden. In another portion of claim (13), petitioner contends the prosecutor failed to provide petitioner with a copy of the recording or the grand jury proceedings. In another portion of claim (13), petitioner contends the prosecutor improperly subpoenaed petitioner's medical records. In another portion of claim (13), petitioner contends the prosecutor improperly failed to call a witness after it became apparent that petitioner wished to question the witness.
>
> The Court holds that these portions of claims (13) and (14)(d) are barred because they could have been raised on direct appeal to this Court but were not. Thus, these non-jurisdictional issues are not cognizable in a petition for a writ of habeas corpus. Id.
>
> In of claim (14)(a), petitioner contends the prosecutor committed fraud on the trial court by stating petitioner had asked for copies of written complaints against him a week earlier, when petitioner had

11

actually asked for the complaints two weeks earlier. In claim (14)(B), petitioner contends the prosecutor committed fraud on the trial court by stating there was no merit to the charges against Goldberg. In claim (14)(C), petitioner contends the prosecutor committed fraud on the trial court by stating there was no reason for the Commonwealth to have retained complaints against Goldberg after the charges against him were dismissed. In another portion of claim (14)(D), petitioner contends the prosecutor committed fraud on the trial court by providing the police with false information to support a search warrant. In another portion of claim (14)(D), petitioner contends the evidence that petitioner violated zoning laws and committed tax fraud was fraudulent. In another portion of claim (14)(D), petitioner contends Mr. DuBeau falsely testified his lease with petitioner was month to month. In another portion of claim 14(D), petitioner contends Mrs. Canio testified falsely that she paid her rent to petitioner every time, but subsequently admitted she had paid her rent to Flood in January, February, and March, because petitioner was in jail during those months.

The Court holds that of claims (14)(A), (14)(B), and these portions of claim (14)(D) are barred because they could have been raised on direct appeal to this Court but were not. Thus, these non-jurisdictional issues are not cognizable in a petition for a writ of habeas corpus. Id.

Herrington v. Clarke, R. No. 150943, slip op. at 5-6.

As with petitioner's earlier claims, the Supreme Court of Virginia determined based on the Slayton rule that claims 6(A) through (H) and 13 were procedurally defaulted in the state habeas proceeding. Coleman, 501 U.S. at 729-30. As petitioner makes no showing of cause and prejudice for the default or the existence of a fundamental miscarriage of justice in his Traverse Response, those claims likewise are procedurally barred from federal review. See Harris, 489 U.S. at 262.

Claim (15)

Lastly, as to a portion of claim (15), the Supreme Court of Virginia determined as follows:

12

> In another portion of claim (15), petitioner contends the Court of
> Appeals erred [on direct appeal] by denying his motion for new
> counsel, granting counsel's motion to withdraw, and refusing to
> consider the claims raised by petitioner in his *pro se* supplemental
> petition for appeal.
>
> The Court holds that this portion of claim (15) is barred because a
> petition for a writ of habeas corpus may not be employed as a
> substitute for an appeal. Brooks v. Peyton, 210 Va. 318, 321-322,
> 171 S.E.2d 243, 246 (1969).

Herrington v. Clarke, R. No. 150943, slip op. at 8.

The foregoing holding amounts to a procedural default of this portion of claim 15(a), as

the Supreme Court of Virginia determined that the argument was not reviewable based upon an

adequate and independent state-law ground. Coleman, 501 U.S. at 729-30; Williams, 146 F.3d

at 209.[4] As petitioner makes no showing of cause and prejudice for the default, or that a

fundamental miscarriage of justice will result if the claim is not reviewed, this portion of claim

(15) is procedurally defaulted from federal review.

### V. Merits

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's

---

[4] To be sure, the same rule relied upon by the Supreme Court of Virginia also is regularly applied
in federal actions. See United States v. Frady, 456 U.S. 152 (1982) (holding that a collateral attack
under §2255 is not a second chance at an appeal or a substitute for direct appeal).

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

Claim 6(C)

In claim (6)(C), petitioner argues in part that the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963) when it failed to disclose that it had paid travel expenses for a prosecution witness. The Supreme Court of Virginia rejected this position on the following holding:

> In a portion of claim (6)(C), petitioner contends the Commonwealth improperly failed to disclose that it had paid Goldberg's travel expenses. Petitioner contends Goldberg was subpoenaed to testify and had to travel from Florida to do so, and argues the payment of his expenses constituted a fee paid in exchange for his testimony and the failure to disclose the payment violated 18 U.S.C. § 201(c), which prohibits bribery of public officials and witnesses.
>
> The Court holds that this portion of claim (6)(C) is without merit. Pursuant to 18 U.S.C. § 201(c), the payment of a witness' 'reasonable cost of travel and subsistence incurred ... in attendance at' a trial are specifically permitted. In addition, to the extent petitioner argues the

14

failure to disclose the information violated <u>Brady v. Maryland</u>, 373
U.S. 83 (1963), petitioner has failed to demonstrate that the payment
of Goldberg's travel expenses was evidence favorable to petitioner,
either because it was exculpatory or because it could be used for
impeachment.   Moreover, petitioner fails to articulate how the
allegedly withheld information was material, either to his guilt or to
punishment.  <u>See</u> <u>Muhammad v. Warden</u>, 274 Va. 3, 4, 646 S.E.2d
182, 186 ('[e]xculpatory evidence is material if there is a reasonable
probability that the outcome of the proceeding would have been
different had the evidence been disclosed to the defense.').

<u>Herrington v. Clarke</u>, R. No. 150943, slip op. at 3-4.

Under established federal law, a defendant must make a  three-part showing to establish

the existence of a <u>Brady</u> violation: (1) the withheld evidence at issue is favorable to the accused

either because it is exculpatory or impeaching; (2) the evidence was suppressed by the

government, either willfully or inadvertently; and (3) the suppression was material.  <u>Strickler v.</u>

<u>Greene</u>, 527 U.S. 263, 281-82 (1999).  " The mere possibility that 'undisclosed information

might have helped the defense, or might have affected the outcome of the trial, does not establish

'materiality' in the constitutional sense." <u>United States v. Agurs</u>, 427 U.S. 97, 109-10 (1976).

Instead, evidence is material only "if there is a reasonable probability that, had the evidence been

disclosed to the defense, the result of the proceeding would have been different." <u>Kyles v.</u>

<u>Whitley</u>, 514 U.S. 419, 433-34 (1995).

Here, it is readily apparent that the state courts' denial of petitioner's <u>Brady</u> claim was in

accord with these authorities, because the fact that the Commonwealth appropriately paid a

witness' travel expenses did not constitute material evidence. "There is never a real '<u>Brady</u>

violation' unless the nondisclosure was so serious that the suppressed evidence would have

produced a different verdict." <u>Strickler</u>, 527 U.S. at 281-82. A "reasonable probability" of a

different result is shown "when the government's evidentiary suppression undermines confidence

in the outcome of the trial." Kyles, 514 U.S. at 434. Here, there is no reasonable probability that the jury would have returned a different verdict had it learned that the witness' travel expenses were paid in accordance with 18 U.S.C. § 201(c), so the evidence allegedly suppressed was not constitutionally material. Cf. Agurs, 427 U.S. at 109-10. Therefore, the Virginia court's rejection of this claim was both factually reasonable and in accord with controlling federal authorities, and the same result must pertain here. Williams, 529 U.S. at 412-13.

Claim 15

In claim 15 of this petition, petitioner contends that he received ineffective assistance of counsel on direct appeal for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket, 208 F.3d at 189 (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable

16

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

The Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

In claim 15, petitioner argues that he was denied effective assistance of appellate counsel for numerous reasons. In the state habeas proceeding, the Supreme Court of Virginia set out a detailed discussion of petitioner's arguments and ultimately found that none had merit, as follows:

> In a portion of claim (15), petitioner contends he was denied effective assistance of counsel on appeal because counsel filed a petition for appeal pursuant to Anders v. California, 386 U.S. 738 (1967). Petitioner alleges counsel did not sufficiently consult with petitioner during his appeal and did not assist petitioner with his *pro se* supplemental petition for appeal.
>
> The Court holds that this portion of claim (15) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984).

17

The record, including the petition for writ of habeas corpus and the order of the Court of Appeals denying the petition for appeal, demonstrates that counsel properly filed a petition for appeal pursuant to Anders on petitioner's behalf in the Court of Appeals, along with a motion to withdraw and a motion for extension of time to allow petitioner to file a *pro se* supplemental petition for appeal. The Court of Appeals' order denying petitioner's appeal demonstrates that a copy of the petition for appeal counsel filed was furnished to petitioner with sufficient time for petitioner to raise any matter that he chose. Counsel was not required to assist petitioner with his pro se supplemental petition. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In another portion of claim (15), petitioner contends he was denied the effective assistance of counsel because counsel did not have sufficient time to review and develop a proper post-trial motion and failed to obtain a transcript of the hearing on petitioner's motion to set aside the verdict.

The Court holds that this portion of claim (15) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to identify the post-trial motion he contends counsel did not have time to review and develop, or articulate how additional time would have aided counsel. In addition, petitioner fails to demonstrate how he was prejudiced by counsel's failure to obtain the transcript of petitioner's motion to set aside the verdict. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In another portion of claim (15), petitioner contends he was denied the effective assistance of counsel because counsel abandoned petitioner by leaving the Office of the Public Defender to enter private practice, resulting in another attorney from that office taking over petitioner's case.

The Court holds that this portion of claim (15) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner concedes counsel ensured his case was transferred to another attorney within the office and petitioner has failed to articulate any prejudice arising from the

18

transfer of his case to another attorney. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In another portion of claim (15), petitioner contends he was denied the effective assistance of counsel because his new appellate attorney refused petitioner's request to add additional claims to the petition for appeal, which had already been filed in the Court of Appeals.

The Court holds that this portion of claim (15) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Further, petitotner fails to articulate the issue or issues he wished counsel to add to his petition for appeal. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Herrington v. Clarke, R. No. 150943, slip op. at 6 - 8.

The foregoing determination by the Supreme Court of Virginia was both factually reasonable and in accord with applicable federal principles. To the extent that the Court determined that counsel filed a petition for appeal pursuant to Anders on petitioner's behalf in accordance with Virginia law and had no duty to assist petitioner with his pro se supplemental pleading, its holding constitutes a finding of fact to which the federal courts must defer. See 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (federal court is required to give deference to findings of fact made by state trial and appellate courts). The Court's findings that counsel's alleged errors of failing to develop a proper post-trial motion, failing to obtain a transcript of petitioner's motion to set aside the verdict, and leaving the Office of the Public Defender did not warrant relief because

19

petitioner failed in each instance to show that the error asserted affected the result of the appeal

were squarely in line with federal principles. Strickland, 466 U.S. at 694.  Lastly, as the Court

acknowledged, federal law is clear that "appellate counsel is given wide latitude to develop a

strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), and counsel is not required to assert

every conceivable claim on appeal; indeed, counsel's choice of which appellate issues to pursue

is virtually unassailable.  Jones, 463 U.S. at 751-52.  Here, then, as there has been no showing

that appellate counsel's representation satisfies either prong of the Strickland analysis, the

Supreme Court of Virginia's rejection of Claim (15)  was factually reasonable and in accord with

applicable federal principles, and the same result is compelled here. Williams, 529 U.S. at  412-

13.

    E. Claims 2, 4 and 13

        In claims 2 and 4, petitioner contends that he is actually innocent of failing to file an

income tax return in 2009 and of perjury.  In its order denying his state habeas corpus

application, the Supreme Court of Virginia found that these claims were "barred because

assertions of actual innocence are outside the scope of habeas corpus review, which concerns

only the legality of the petitioner's detention."  Herrington v. Clarke, R. No. 150943, slip op. at

2, citing Lovitt v. Warden, 266 Va. 216, 259, 585 S.E.2d 801, 826-27 (2003). As the Virginia

court held, claims of actual innocence standing alone do not serve as a basis for habeas corpus

relief.  See Herrera v. Collins, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on

newly-discovered have never been held to state a ground for federal habeas relief absent an

independent constitutional violation occurring in the underlying state criminal proceeding.");

Rouse v. Lee, 339 F.3d 238, 255 (4th Cir. 2003) ("[C]laims of actual innocence are not grounds

for habeas relief even in a capital case."). Therefore, the state court's finding that claims 2 and 4 of this petition state no cognizable basis for habeas corpus relief was in accord with controlling federal principles, and must be allowed to stand. <u>Williams</u>, 529 U.S. at 412-13.

Similarly, in a portion of claim 13, petitioner asserts that he was the victim of prosecutorial vindictiveness in that the prosecutor reported petitioner's criminal activities to his broker, his doctor, and the zoning department, as the result of which petitioner lost his real estate license and was forced to evict tenants and relatives who were living with him. The Supreme Court of Virginia held that this portion of claim (13) was "not cognizable in a petition for writ of habeas corpus, as it does not allege probable cause to believe petitioner is detained without lawful authority." <u>Herrington v. Clarke</u>, R. No. 150943, slip op. at 5. Again, because this argument does not allege that a constitutional violation occurred in the underlying state criminal proceeding, federal law recognizes that it does not serve as a basis for habeas corpus relief, <u>Herrera</u>, 506 U.S. at 400, so that same determination by the Supreme Court of Virginia cannot be disturbed. <u>Williams</u>, 529 U.S. at 412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this _10_ day of _February_ 2017.


Alexandria, Virginia

_/s/_
Anthony J. Trenga
United States District Judge

21